PATRICIA P. HUBBARD and Others, Suing for Themselves as Stockholders and All Other Stockholders of the KENSINGTON BANK in Like Situation Who Shall

Choose to Make Themselves Parties to This Action, Respondents, Appellants, v. KENSINGTON BANK, Appellant, and MUNICIPAL BANK, Appellant, Respondent.— Order reversed upon the law and the facts, with ten dollars costs and disbursements to defendant Kensington Bank, and complaint dismissed as to both defendants, with ten dollars costs to defendant Kensington Bank. The appeals of plaintiffs and defendant Municipal Bank are dismissed, without costs, their consideration being unnecessary in view of the dismissal of the complaint. In our opinion, this action must be considered as one in equity, as an action at law by a stockholder in behalf of the corporation cannot be maintained. (*Robinson* v. *Smith*, 3 Paige, 222, 233; *Hun* v. *Cary*, 82 N. Y. 65; *Brinckerhoff* v. *Bostwick*, 88 id. 52; 99 id. 185; 105 id. 567; *O'Brien* v. *Fitzgerald*, 143 id. 377.) To such action the individual directors who are parties to the agreement in question are necessary parties and would have to be brought in. But the action is prematurely brought. The performance by the Municipal Bank of its agreement to pay to the Kensington Bank the net assets of the latter and $30,000 for its good will was conditioned upon the performance by these directors of their agreement to pay to the Municipal Bank the fund of $250,000. Concededly, this has not been done and the action is premature. Young, Kapper, Hagarty, Carswell and Scudder, JJ., concur.